UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**Sean Jennings,**

    **Plaintiff,**

v.

**Honeywell International Inc.,**

    **Defendant.**

**Case Number** 6:22-cv-885

## Complaint & Jury Demand

1. The Plaintiff, Sean Jennings, sues Defendant, Honeywell International Inc., for unlawful retaliation in violation of Fla. Stat. § 448.102(3).

2. Defendant has a Covid-19 vaccine policy.

3. Defendant's Covid-19 vaccine policy violates Fla. Stat. § 381.00317.

4. On or about December 2021, Plaintiff objected to Defendant's Covid-19 vaccine policy.

5. Defendant terminated Plaintiff on or about February 18, 2022 for his objection to or refusal to participate in Defendant's Covid-19 vaccine policy.

6. Suit is brought forth pursuant to Fla. Stat. § 448.103(1)(a).

7. Plaintiff is a citizen of Florida.

1

8. Plaintiff resides in Orange County, Florida.

9. Defendant is a Delaware company.

10. Defendant's principal place of business is in North Carolina.

11. Defendant conducts business in Florida.

12. Defendant conducts business in Orange County, Florida, among other counties in Florida.

13. There is complete diversity between the parties.

14. The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

15. The Honorable Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

16. Venue is proper in Orange County, Florida pursuant to Fla. Stat. § 448.103(1)(b).

17. Defendant imposed a Covid-19 vaccination mandate without providing individual exemptions that allow an employee to opt out of such requirement on the basis of Covid-19 immunity, or periodic testing, or use of employer-provided protective equipment.

18. Defendant knew that Plaintiff had Covid-19 immunity.

19. Defendant knew that Plaintiff had Covid-19 immunity, because it was aware that Plaintiff had contracted Covid-19.

20. Defendant violated Fla. Stat. § 381.00317(3).

21. Defendant did not offer Plaintiff an exemption from the vaccine mandate pursuant to Fla. Stat. § 381.00317(3) for periodic testing.

22. Defendant did not offer Plaintiff an exemption from the vaccine mandate pursuant to Fla. Stat. § 381.00317(3) through the use of employer-provided protective equipment.

23. Defendant offered vaccine mandate exemptions pursuant to the ADA.

24. Defendant offered vaccine mandate exemptions pursuant to Title VII.

25. Florida has a law titled *Private Employer Covid-19 Vaccination Mandates Prohibited*.

26. The aforementioned is a "law" as defined by Fla. Stat. § 448.101(4).

27. Defendant's vaccine mandate violates Florida's law titled *Private Employer Covid-19 Vaccination Mandates Prohibited*.

28. Plaintiff was Defendant's employee.

29. Defendant was Plaintiff's employer.

30. Plaintiff's supervisor knew that Defendant objected to Defendant's vaccine mandate and that he had been infected by Covid-19 hitherto potentially qualifying for an immunity exemption.

31. Defendant took a "retaliatory personnel action" against Plaintiff when Defendant discharged Plaintiff.

32. Plaintiff refused to participate in Defendant's activity that violated Florida's law *Private Employer Covid-19 Vaccination Mandates Prohibited*.

33. Plaintiff objected to Defendant's activity that violated Florida's law titled *Private Employer Covid-19 Vaccination Mandates Prohibited*.

34. Defendant would not have discharged Plaintiff on or about February 18, 2022, if Plaintiff had agreed to participate in Defendant's activity that violated Florida's law titled *Private Employer Covid-19 Vaccination Mandates Prohibited*.

35. Defendant would not have discharged Plaintiff on or about February 18, 2022, if Plaintiff had rescinded his objection to Defendant's activity that violated Florida's law titled *Private Employer Covid-19 Vaccination Mandates Prohibited*.

36. Defendant discharged Plaintiff in violation of Fla. Stat. § 448.102(3).

37. Plaintiff was discharged by Defendant, because he objected to or refused to participate in Defendant's activity, policy or practice that ran afoul of Fla. Stat. § 381.00317.

Wherefore, Plaintiff demands trial by jury, judgment, declaration that Defendant's vaccine mandate violates Florida law, compensation for lost wages, benefits, and other renumeration, reinstatement, if reinstatement is impossible front pay, compensatory damages, attorneys' fees, and costs.

Respectfully submitted this 11th day of May 2022,

>/s/ *Bernard R. Mazaheri*
> Bernard R. Mazaheri
> Florida Bar Number 643971
> Mazaheri & Mazaheri
> PO Box 656
> Frankfort, Kentucky 40602
> Tel – (502) 475-8201
> Email – bernie@thelaborfirm.com